SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            )<br>                                                    )<br>            Plaintiff,                       )<br>                                                    )<br>v.                                                )<br>                                                    )<br>Rene Gonzalez-Amezcua,          )<br>                                                    )<br>            Defendant/Movant.        )<br>                                                    ) | No. CR 06-409-PHX-DGC<br><br>No. CV 06-2048-PHX-DGC (VAM)<br><br>**ORDER** |

Movant Rene Gonzalez Amezcua, who is now confined in CI California City, in California, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc.# 28).[1] The Court will summarily dismiss the Motion.

**I.      Procedural History**

Pursuant to a plea agreement, Movant pled guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2). The plea agreement provided for a sentencing range of up to 125 months depending upon Movant's criminal history and offense level under the sentencing guidelines. On July 24, 2006, the Court sentenced Movant to 37 months of incarceration followed by three years on supervised release.

**II.     Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears

---

[1] "Doc.#" refers to the docket number of filings in the criminal case.

1 from the motion, any attached exhibits, and the record of prior proceedings that the moving
2 party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the
3 United States District Courts.  When this standard is satisfied, neither a hearing nor a
4 response from the government is required. See Marrow v. United States, 772 F.2d 525, 526
5 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  Moreover,
6 if there has been a valid waiver of the right to file a federal habeas corpus petition, a court
7 lacks jurisdiction to hear the case. See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir.
8 2005).  In this case, the record shows that summary dismissal under Rule 4(b) is warranted
9 and the Court lacks jurisdiction to hear the Motion because Movant has waived the right to
10 bring a § 2255 motion.  Further, the record reflects that Plaintiff was sentenced in accordance
11 with the terms of his plea agreement.

**III.    Movant is Not Entitled to Relief**

To obtain relief pursuant to § 2255, a movant must establish that his federal constitutional or statutory rights were violated. In his Motion, Movant seeks a reduction of his sentence arguing that, following entry of his guilty plea, his sentencing guideline range was increased from 17 to 21 in violation of the terms of his plea agreement. The motion will be summarily dismissed for two reasons. First, Movant was sentenced in accordance with the terms of his plea agreement. Second, Movant validly waived the right to seek collateral review.

**A.    Movant's Sentence Accords with the Plea Agreement**

Movant was sentenced in accordance with the plea agreement. Under the plea agreement, Movant agreed that unlawful reentry after deportation by an alien with a prior aggravated felony conviction for, in relevant part, a drug trafficking offense for which the sentence imposed exceeded 13 months, was classified under the Sentencing Guidelines as a crime with an offense level of 24, which carried a sentence of between 51 and 125 months of incarceration. (Doc.# 22 at 2.) Movant further agreed that if he had a conviction for a drug trafficking offense for which a sentence of 13 months or more was imposed, he would receive a three-level downward adjustment for acceptance of responsibility and an additional

1  four-level downward departure for a total offense level reduction of 7.  (Id.)  This would in
2  turn classify Movant at offense level 17, which carried a sentence of between 24 and 63
3  months incarceration.  (Id. at 2-3.)  Movant further agreed that, for sentencing purposes, he
4  had been convicted in California of possession of cocaine for sale and had been sentenced
5  to two years imprisonment.  (Id. at 7.)

6  At sentencing, following the 7-level reduction, the Court found an offense level of 17,
7  which resulted in a possible incarceration range of 37-46 months.  (RT 7/24/06.)  Movant's
8  counsel agreed that was the applicable range under the terms of the agreement and both
9  Movant's counsel and the prosecutor agreed that a sentence at the low end of that range was
10 appropriate.  (Id.)  The Court sentenced Plaintiff to the minimum possible sentence within
11 that range.  (Id.)  Thus, contrary to Plaintiff's assertion, he was sentenced in accordance with
12 the terms of the plea agreement.

13 **B.    Waiver**

14 Movant validly waived the right to collaterally challenge his sentence if he was
15 sentenced in accordance with the terms of the plea agreement.  "[S]trict standards" are
16 applied to find a waiver of constitutional rights.  United States v. Gonzalez-Flores, 418 F.3d
17 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and
18 the Court must indulge every reasonable presumption against waiver of fundamental
19 constitutional rights.  United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this
20 action, Movant's waiver was clear, express, and unequivocal.

21 Plea agreements are contractual in nature, and their plain language will generally be
22 enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,
23 398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a
24 § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,
25 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only
26 claims that cannot be waived are claims that the waiver itself was involuntary or that
27 ineffective assistance of counsel rendered the waiver involuntary.  See Washington, 422 F.3d
28 at 871 (holding that a plea agreement that waives the right to file a federal habeas petition

pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).  Plaintiff alleges neither.

As part of his plea agreement, Movant made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(Doc.# 22 at 4-5.) Movant stated in his plea agreement that he had discussed the terms with his attorney, that he agreed to the terms and conditions, and that he entered into the plea voluntarily. (Id. at 6-7.)

Movant's assertions in his § 2255 Motion all pertain to sentencing and not to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant validly waived the sentencing issues raised in his § 2255 Motion.

Accordingly,

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (doc.# 28 in CR 06-409-PHX-DGC) is **denied** and that the civil action opened in connection with this Motion (CV 06-2048-PHX-DGC (VAM)) is **dismissed**. The

1 | Clerk of Court must enter judgment accordingly.

2 | DATED this 11th day of December, 2006.

David G. Campbell
United States District Judge